UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X,
UNITED STATES OF AMERICA,

                                             **MEMORANDUM & ORDER**

        -against-

                                               03 CR 492 (RJD)
                                             13 CV 598 (RJD)

JOY POPE,

                    Defendant.
-------------------------------------------------------------X
DEARIE, District Judge.

      Alleging that she was denied her Sixth Amendment right to the effective assistance of counsel in connection with her plea of guilty, on July 30, 2003, to a single count of mail fraud in violation of 18 U.S.C. §1341, defendant Joy Pope moves for a writ of error *coram nobis* vacating the judgment of conviction entered January 22, 2004. Pope was sentenced to five years' probation and restitution in the amount of $67,608, all of which she has paid.

      On the basis of this conviction, immigration officials detained Pope in August 2012 and, following removal proceedings, ordered her deportation. See Order of Removal dated October 19, 2012 (ECF # 11 in 13 CV 598). The Court understands that the order became final on or about February 12, 2013, that Pope is currently in the custody of Immigration and Customs Enforcement in Minnesota and that her removal is imminent.

      Pope's principal claim in her *coram nobis* application is that the attorney who advised her at the relevant time affirmatively misrepresented the deportation consequences of her guilty plea. Following a conference on April 4, 2013 during which the Court inquired of Pope's former attorney, the government—in a highly commendable gesture—agreed that a constitutional violation occurred at the time of Pope's plea and relinquished its former objections to Pope's

application. See Gov't Letter dated April 9, 2013 (ECF # 16 in 13 CV 598). Accordingly, and with only brief discussion in light of the government's concessions and the parties' assumed familiarity with the facts, the Court grants Pope's application and vacates her 2004 mail fraud conviction.

## I. The Ineffective Assistance of Pope's Former Counsel

To show that the performance of counsel deprived her of her Sixth Amendment right, Pope must demonstrate that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The Strickland two-part test governs allegations of ineffective assistance at the plea stage. Hill v. Lockhart, 474 U.S. 52, 58 (1985). To show prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. In United States v. Couto, 311 F.3d 179 (2d Cir. 2002), the Second Circuit held that "an affirmative misrepresentation by counsel as to the deportation consequences of a guilty plea is . . . objectively unreasonable" and "meets the first prong of the Strickland test." 311 F.3d at 188. The government agrees that Couto remains good law in the Second Circuit after Padilla v. Kentucky, 559 U.S. 356 (2010), and Chaidez v. United States, __ U.S.__, 133 S. Ct. 1103 (2013). See Gov't Letter at 2-3.

On the basis of Pope's affidavit dated January 12, 2012, the statements Pope's former attorney made to the Court at the April 4, 2013 conference, the order of removal issued against Pope, and the government's recent concessions, the Court finds that Pope's former attorney, although acting with the best of intentions, affirmatively misrepresented to Pope the deportation

2

consequences of her guilty plea. Apparently unaware of the applicable provisions of the Immigration and Nationality Act, Pope's former attorney incorrectly advised his client then, and still mistakenly believes today, that Pope would not be subject to deportation so long as she made full restitution. Pope attests that she "would never have agreed" to the plea agreement if she had known that her deportation would result, Pope Affidavit at 4, and the government recognizes that it has "no evidence with which to refute" Pope's claim, nor does it affirmatively argue that her position is unreasonable. The Court notes that at the time Pope pled guilty, she had been living in the United States for fifteen years and had given birth to four United States citizens. Taking account of the record as whole, therefore, the Court agrees that, had Pope not been misled by her attorney, there is a reasonable probability that she would not have agreed to the government's plea offer. The Court therefore concludes that Pope's mail fraud conviction was obtained in violation of her Sixth Amendment right to the effective assistance of counsel and cannot stand.

## II. The Availability of the Writ of *Coram Nobis* in this Case

It is a rare day that this or any court vacates a criminal conviction, and rarer still that it is asked to do so through the issuance of the quiet but formidable writ known as *coram nobis*. The parties' submissions on the procedural and jurisdictional aspects of the requested relief, upon close inspection, are premised on assumptions about these important matters but are not definitive.[1] The Court therefore undertook an illuminating review of the Supreme Court's

---

[1] Pope fashions her request as a motion for a writ of *coram nobis* and invokes the Court's power under the All Writs Act, 28 U.S.C. § 1651(a). The government, in its initial memorandum, argues that Pope does not meet the standard for *coram nobis* relief but does not question the appropriateness of *coram nobis* per se or the Court's power under the All Writs Act. In its later submission conceding ineffectiveness, the government takes no position at all on procedural or

3

*coram nobis* jurisprudence, which has allayed any doubts about the Court's authority under the All Writs Act, 28 U.S.C. § 1651(a), to issue the writ of *coram nobis* to achieve justice in this case, where statutory habeas relief would not be unavailable. See generally United States v. Denedo, 556 U.S. 904, 911 (2009) ("In federal courts the authority to grant a writ of *coram nobis* is conferred by the All Writs Act, which permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions,'" quoting 29 U.S.C. § 1651(a)) (collecting prior Supreme Court authorities, including principally United States v. Mayer, 235 U.S. 55 (1914), and United States v. Morgan, 346 U.S. 502 (1954)).

Notably, the Supreme Court acknowledges that "the precise contours" of the writ itself "have not been well defined," but reaffirms that "a writ of *coram nobis* can issue to redress a fundamental error" in a criminal case. Denedo, 556 U.S. at 910, 911; Morgan, 346 U.S. at 505 ("In behalf of the unfortunates, federal courts should act in doing justice if the record makes plain a right to relief. . . . a belated effort to set aside [a] conviction . . . [is] treat[ed] . . . as adequately presenting a motion in the nature of a writ of error coram nobis enabling the trial court to properly exercise its jurisdiction").

The Second Circuit's limited discussions of *coram nobis* essentially track the pronouncements of the high Court. See United States v. Ramirez, __ Fed. App'x __, 2013 WL 1092512, *1 (2d Cir. Mar. 18, 2013) ("The writ of error *coram nobis* is an ancient common law remedy that is available in criminal cases today under the All Writs Act, 28 U.S.C. §1651(a)"); Porcelli v. United States, 404 F.3d 157, 158 (2d Cir. 2005) ("*Coram nobis* is an 'extraordinary remedy' authorized under the All Writs Act, 28 U.S.C. § 1651)(a)") (quoting Morgan, 346 U.S.

---

jurisdictional matters, but instead "relies upon the sound judgment of the Court to fashion the appropriate remedy."

at 511).[2]

Further, the Supreme Court and the Second Circuit both understand *coram nobis* to be "essentially a remedy of last resort." United States v. Mandanici, 205 F.3d 519, 524 (2d Cir. 2000) (internal citation omitted), cert. denied, 531 U.S. 879 (2000). See Denedo, 556 U.S. at 911 (*coram nobis* may not issue "when alternative remedies, such as habeas corpus, are available"); Porcelli, 404 F.3d at 158 (*coram nobis* "generally sought to review a criminal conviction where a motion under 28 U.S.C. § 2255 is unavailable"); Ramirez, 2013 WL 1092512 at *1 n. 2 (same); United States v. Blumenberg, __ Fed. App'x __, 2012 WL 6634066, *1 (2d Cir. Dec. 21, 2012) ("to the extent that his May 2011 Motion sought to challenge his 2003

---

[2] The abolishing of the writ of *coram nobis* in Federal Rule of Civil Procedure 60(e) is not to the contrary. Although the four dissenting Justices in Morgan argued that "[p]roceedings to obtain the writ are generally considered to be civil in nature," Morgan, 346 U.S. at 517 (Minton, J, *dissenting*), the view of the majority as expressed in a footnote is that a request for *coram nobis* "is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding." Morgan, 346 U.S. at 506 n. 4. See also Denedo, 556 U.S. at 913 ("Because *coram nobis* is but an extraordinary tool to correct a legal or factual error, an application for the writ is properly viewed as a belated extension of the original proceeding during which the error allegedly transpired"). Accord Murray v. United States, 704 F.3d 23, 28 (1st Cir. 2013) ("The Federal Rules of Civil Procedure abolished the use of the writ in civil cases, *see* Fed. R.Civ.P. 60(e), but it has survived for use in criminal cases") (citing Morgan, 346 U.S. at 503-04). Notably, the Court's research has not located any decision from the Second Circuit directly addressing the language of Rule 60(e) in the context of a criminal defendant's application for a writ of *coram nobis*.

Bearing the civil-criminal distinction in mind in the context of *coram nobis*, the Court notes, as the parties are aware, that Pope initially filed her request for relief in her criminal matter (03 CR 492), which was proper. It was the Court, on the basis of only a preliminary review of the papers, that directed the Clerk to assign the application a new civil docket number, which is consistent with the general practice in this district for new filings that upon initial review appear to applications for habeas and habeas-like relief (including miscellaneous writs). Such docketing decisions are non-binding, non-dispositive, and certainly not to be construed to Pope's detriment. The Clerk is directed, therefore, to re-docket the materials relating to the *coram nobis* application under Pope's criminal matter (03 CR 492) and to close out the civil matter (13 CV 598).

conviction for mail fraud, wire fraud, conspiracy to commit mail and wire fraud, and filing false tax returns, the motion is best construed as a petition for a writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651(a), as Blumenberg is no longer in custody in connection with his 2003 conviction").

Finally, *coram nobis* is considered an "extraordinary remedy" available "only under circumstances compelling such action to achieve justice. Morgan, 346 U.S. at 511. Accord Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996) ("relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid") (internal quotation marks and ellipsis omitted). The Circuit has enunciated a test: a petitioner seeking *coram nobis* such relief must demonstrate that "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Foont, 93 F.3d at 79 (internal citations, quotation marks and alterations omitted) (quoted in Ramirez, 2013 WL 1092512 at *1).

Given the undisputed violation of Pope's Sixth Amendment right at the pleading stage and the imminent deportation that is a direct consequence of that plea, the Court concludes that the Pope has made the necessary showing for *coram nobis* relief.[3]

---

[3] The timing of Pope's application is not at issue. Although the conviction she seeks to vacate is nine years old, Pope apparently had no reason to believe that her attorney had misadvised her until late 2012, when removal proceedings were commenced against her on the basis of the 2004 conviction.

## III. Conclusion

For all of the foregoing reasons, Pope's application for a writ of error *coram nobis* vacating her 2004 conviction for mail fraud is granted. The judgment of conviction shall be deemed vacated upon entry of this Memorandum and Order.

SO ORDERED.

Dated: Brooklyn, New York
     April __, 2013

                                            /s/ Judge Raymond J. Dearie

                                            RAYMOND J. DEARIE
                                            United States District Judge